UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGIE NOVY,

          Plaintiff,

v.                                                                    Case No. 8:26-cv-1467-TPB-SPF

DAVID L. CAPLAN,

          Defendant.

_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1) and request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied and the Complaint dismissed without prejudice.

**I.    Background**

*Pro se* Plaintiff Angie Novy, utilizing a Form Pro Se 6 (Complaint for a Civil Case Alleging that the Defendant Owes the Plaintiff a Sum of Money), sues Defendant David Caplan. According to the two-page description of events that Plaintiff attaches to her Complaint, Caplan had business dealings with Plaintiff's deceased husband (Doc. 1). Without tying her conclusory allegations to any cause of action, Plaintiff appears to allege that Caplan owed her husband money when he died, either $120,000 or $8,000 (Plaintiff is unclear on the amount), and that it is "unjust for [Defendant] to not pay me the best friend and wife[.]" (*Id*. at 7). She requests $9 trillion in damages (Doc. 1-1).

## II.   Legal Standard

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1).  When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015).[1]  Where a district court determines from the face of the complaint that the factual allegations are baseless or the legal theories are without merit, the court may conclude that the case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

> factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

Dismissal is also appropriate if, upon review, the complaint is found to lack subject matter jurisdiction. *Cafaro v. Wyllins*, 2010 WL 3747868, at \*1 (M.D. Fla. Sept. 7, 2010), *report and recommendation adopted*, 2010 WL 3747837 (M.D. Fla. Sept. 22, 2010). Finally, in reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe them more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

### III.   Analysis

Plaintiff appears financially eligible to proceed *in forma pauperis*. Although she receives $909.00 per month in disability benefits, this income is completely offset by her monthly expenses (Doc. 2). She has only $50.00 in cash or in the bank (*Id.*). Despite Plaintiff's indigency, however, the undersigned recommends that the district judge dismiss her claims.

### A.  Failure to State a Claim

Construing Plaintiff's Complaint in the light most favorable to her, she claims she is entitled to the money that Defendant apparently owed her husband when he died.  Reading between the lines, Plaintiff suggests she is entitled to the money under her husband's will. Attached to her Complaint is a stream-of-consciousness retelling of seemingly disconnected events.  Plaintiff writes, "As I reached out to David L Caplan to ask him to send me cash by western in 2025/11 and that I still needed him to sit on the check.  He then informs me that I needed to split my husband settlement with his adult kid's and I asked him when did you know that he had kids because R Charles Novy and I gave you the WILL that he now claims he doesn't have and it says nothing to the fact about any of my husband's kid's." (Doc. 1-1).

The Court simply cannot make heads or tails of Plaintiff's Complaint, in large part because it has little punctuation and no grammatical structure.  As alleged, the Complaint lacks cohesive factual allegations that the Court can construe as providing a basis for a cause of action under either federal or state law.

### B.  Standing

Neither does Plaintiff's Complaint establish her standing.  "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III."  *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264-65 (11th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  For standing, a plaintiff "must show (i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *TransUnion v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

Here, Plaintiff appears to allege that her husband passed away while Defendant still owed him money related to a legal settlement he helped negotiate.  Plaintiff does not allege facts that establish her standing to sue on either her own or her husband's behalf.  She does not allege a legal right to the settlement money under a contract or insurance policy or pursuant to some other arrangement or legal theory.  Although Plaintiff mentions her husband's will, she does not allege she is the executor of his estate or his personal representative.  And, if she is attempting to sue on the estate's behalf, in most circumstances, an estate must be represented by counsel.  As pleaded, Plaintiff lacks standing to sue for money allegedly owed to her husband.

### C.  Pleading Deficiencies

Finally, the Complaint is an impermissible shotgun pleading.  To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure."  *Lozano v. Prummell*, No. 2:22-cv-600-JES-KCD, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022).  A shotgun pleading is a type of pleading that is not allowed, even from *pro se* plaintiffs.  *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Four basic types of shotgun pleadings violate Rules 8(a), 10(b), or both: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously

connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (citation omitted). Consequently, the Eleventh Circuit has said that a shotgun complaint may be dismissed "on that basis alone." *Id.*

Plaintiff's Complaint contains characteristics of the middle two categories of shotgun pleadings. Its allegations are conclusory, vague, immaterial, and not obviously connected to any particular cause of action. Plaintiff offers no indication of the relevance or context of her allegations or how they form the basis of a claim. In other words, Plaintiff does not give Defendant adequate notice of the claims against him and the grounds upon which the claims rest. *Yeyille v. Miami Dade Cty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016).

The fact that Plaintiff is proceeding *pro se* does not excuse her failure to comply with the basic pleading requirements set forth in Rules 8 and 10. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam) (noting that, while

"[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney[, it] must still suggest that there is at least some factual support for a claim") (citation omitted).

## IV.    Conclusion

For these reasons, the Court **RECOMMENDS:**

1. Plaintiff's Complaint (Doc. 1) be dismissed.

2. Plaintiff be directed to file an amended complaint within twenty-one (21) days of the Court's order of dismissal.

3. Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2) be denied without prejudice with leave to either pay the filing fee or refile a motion to proceed *in forma pauperis* if she chooses to file an amended complaint.

**IT IS SO REPORTED** in Tampa, Florida, on May 27, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.